UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 2:23-cv-1649-GMB |
| REBECCA HILL, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Allstate Indemnity Company ("Allstate") filed this federal complaint against Rebecca Hill,[1] Darryl Hill, and Brandon Hill seeking a declaratory judgment on the scope of coverage for a homeowners' liability policy. Doc. 1. Because there is a pending state-court action relating to the same underlying incident, Brandon Hill filed a motion asking the court to abstain from deciding the federal claims. Doc. 11. The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 25. The motion has been briefed (Docs. 16, 17, 21) and is ripe for decision. For the reasons stated below, the motion is due to be granted.[2]

---

[1] Allstate's complaint mentions both Rebecca Hill and Brenda Hill. Doc. 1 at 1–2, 6. The court assumes any reference to Brenda Hill is a typographical error.

[2] Also pending is a Joint Motion for Ruling on Brandon Hill's Motion to Abstain or Dismiss. Doc. 28. By virtue of this order, it is ORDERED that the joint motion (Doc. 28) is MOOT.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The underlying state-court civil action is pending in the Circuit Court of Jefferson County, Alabama. Doc. 11 at 1–2. On March 27, 2023, Brandon Hill filed suit against his father, Darryl Hill, and stepmother, Rebecca Hill, to recover damages for injuries he sustained when Darryl shot him in the leg during an altercation at Darryl and Rebecca's home. Doc. 11 at 1–2; Doc. 1-1 at 28. In the state-court complaint, Brandon alleges that he entered into a lease agreement in April 2019 allowing him to reside in their single-family home on Chesapeake Drive in Hueytown, Alabama. Doc. 1-1 at 29. At the residence one evening in March 2021, Darryl came upstairs into Brandon's living quarters, where he started an argument and threatened Brandon, but then walked back downstairs. Doc. 1-1 at 29–30. Darryl later returned to Brandon's living space, threatened him again, struck him in the head with a copper pot, and shot him in the leg with a pistol. Doc. 1-1 at 30. In disbelief, Brandon exclaimed, "You shot me!" Darryl responded, "You're damn right I did." Doc. 1-1 at 30–31. Brandon alleges that the gunshot wound shattered his femur such that he had to remain in the hospital for several days to receive medical treatment and later had multiple surgeries. Doc. 1-1 at 31.

On these facts, Brandon's state-court complaint claims that Darryl and Rebecca negligently, recklessly, or intentionally caused him damages, including physical and mental pain and suffering, loss of income and employment, permanent

injury, future loss of income and employment, and future medical expenses. Doc. 1-1 at 32. The counts in the complaint include assault and battery, trespass, intentional infliction of emotional distress, breach of contract, negligent entrustment, negligence, gross negligence, recklessness, and wantonness. Doc. 1-1 at 33–38. Darryl responded with a counterclaim against Brandon for assault and battery, wantonness, and intentional infliction of emotional distress. Doc. 1-2 at 185.

On December 7, 2023, Allstate filed this federal action seeking a declaration of no coverage under the homeowners' liability policy insuring the Chesapeake Drive property. Doc. 1 at 1–2. Complete diversity exists since Allstate is a citizen of Illinois; Brandon, Darryl, and Rebecca are citizens of Alabama; and the amount in controversy exceeds the jurisdictional threshold. *See* Doc. 1 at 1–4. Allstate also requests a finding that it has no duty to defend or indemnify Darryl, Rebecca, or Brandon from the claims in the state-court case. Doc. 1 at 7.

In the federal complaint, Allstate maintains that the claims and counterclaims in the underlying action "are not covered because they do not constitute an 'occurrence,' and they fall within exclusions for intentional expected acts and for a bodily injury claim by one insured against another insured." Doc. 1 at 1. Allstate nevertheless has been defending Darryl and Rebecca in the underlying action under a reservation of rights, while also defending Brandon against Darryl's counterclaims under a reservation of rights. Doc. 1 at 2.

## II.  LEGAL STANDARD

The pending motion urges the court to exercise its discretionary authority under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), to abstain from deciding the federal action.[3]  The Declaratory Judgment Act is an enabling statute that confers on the federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). The decision to hear a declaratory judgment action thus is committed to the discretion of the district court. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942); *Wilton*, 515 U.S. at 282; *Angora Ent., Inc. v. Condo. Assoc. of Lakeside Village, Inc.*, 796 F.2d 384, 387 (11th Cir. 1986).  The federal courts commonly call this discretionary standard the *Wilton-Brillhart* abstention doctrine because of the leading Supreme Court cases.  Consistent with this doctrine, district courts should avoid "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation." *Brillhart*, 316 U.S. at 495; *see Ameritas Var. Life Ins. Co. v. Roach*, 441 F.3d 1328, 1331 (11th Cir. 2005) ("[The Act] only gives the federal court competence to make a declaration of rights; it does not impose a duty to do so").

Where there is a parallel state proceeding or another adequate remedy, the

---

[3] The motion alternatively seeks a dismissal for a "lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." Doc. 11 at 1.  Despite this language in the introduction section of the motion, the substance of the motion relates to abstention principles.  Without supporting authority, the court disregards the alternative request for relief.

4

court "may properly refuse declaratory relief if the alternative remedy is better or more effective." *Angora*, 796 F.2d at 387–88.  However, "[n]othing in the Act suggests that a district court's discretionary authority exists only when a pending state proceeding shares substantially the same parties and issues." *First Mercury Ins. Co. v. Excellent Comp. Distrib., Inc.*, 648 F. App'x 861, 866 (11th Cir. 2016).  Even so, "the existence of a parallel state proceeding is a persuasive indicator that a court may abstain" from deciding a case. *Republic Vanguard Ins. Co. v. Russell*, 2021 WL 794464, at *5 (N.D. Ala. Mar. 2, 2021); *see Benchmark Ins. Co. v. Sustainable Energy Solutions, Inc.*, 2019 WL 2720124, at *3 (M.D. Ala. June 28, 2019) ("A federal court's discretion to abstain is more pronounced when the federal and state actions are 'parallel.'").

In *Ameritas*, 411 F.3d at 1331, the Eleventh Circuit listed nine factors that should inform a federal court's decision on abstention in this context:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

This "list is neither absolute nor is any one factor controlling; these are merely guideposts in furtherance of the Supreme Court's admonitions in *Brillhart* and *Wilton*." *Id.*

### III.  DISCUSSION

Before the court is Brandon Hill's motion to abstain from deciding Allstate's declaratory judgment action. Allstate opposes the motion and argues that the *Ameritas* factors counsel against abstention. The court finds that the motion is due to be granted.

**A.   Parallel Proceedings**

Strictly parallel cases are not a necessity for abstention. *See Benchmark*, 2019

WL 2720124, at *4. Instead, "'when federal and state proceedings involve substantially the same parties and substantially the same issues' they are sufficiently parallel for purposes of applying the *Ameritas* factors." *Vanguard*, 2021 WL 794464, at *5 (citing *Ambrosia Coal & Const. Co. v. Pages Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004)); *James River Ins. Co. v. Ultratec Spec. Effects, Inc.*, 2017 WL 2652985, at *1 (N.D. Ala. June 20, 2017) (quoting *Georgia v. U.S. Army Corps of Engineers*, 223 F.R.D. 691, 697 (N.D. Ga. 2004)) ("Litigation is parallel where 'substantially the same parties are contemporaneously litigating substantially the same issues in more than one forum.'"). For this reason, in federal declaratory judgment actions relating to coverage questions, "courts look to whether the parties in federal court are, or could be, similar to the parties involved in the state proceedings." *Vanguard*, 2021 WL 794464, at *6. Many district courts within the Eleventh Circuit have found sufficient parallelism between federal declaratory judgment actions and state-court liability actions even without completely identical parties. *See*, *e.g.*, *Am. Mod. Prop. & Cas. Ins. Co. v. Pickett*, 676 F. Supp. 3d 1175, 1183 (S.D. Ala. 2023); *Wesco Ins. Co. v. S. Mgmt. Servs., Inc.*, 2017 WL 1354873, at *3 (N.D. Ala. Apr. 13, 2017); *Metro. Prop. & Cas. Ins. Co. v. Butler*, 2016 WL 2939633, at *6 (N.D. Ala. May 20, 2016).

In the state-court proceedings here, Brandon Hill filed suit against Darryl Hill and Rebecca Hill, while Darryl counterclaimed against Brandon. Doc. 1-1 at 28;

Doc. 1-2 at 184. In the federal case before this court, Allstate filed suit against all three state-court parties. Although the three individuals are parties to both proceedings, Allstate is a party only to the federal proceedings. However, as Brandon points out in his reply brief, Allstate could seek to intervene in the underlying action under Alabama Rule of Civil Procedure 24. Doc. 21 at 4. Because all of the parties in the federal proceeding are or may become involved in the state proceeding, there is substantial similarity of the parties for abstention purposes. *See Vanguard*, 2021 WL 794464, at *6 (finding similarity where the insurance policy in question contained an indemnification provision that would allow a defendant in the state action to bring a federal plaintiff into the state case through impleader); *Nat'l Trust Ins. Co. v. S. Heating & Cooling, Inc.*, 2020 WL 1083209, at *4 (N.D. Ala. Mar. 6, 2020) (finding sufficient parallelism even though the insurer was a party to only the federal declaratory judgment action).

In addition, the court finds that the issues raised in the state and federal proceedings are substantially similar. In the state action, Brandon Hill alleges, among other claims, assault and battery, trespass, intentional infliction of emotional distress, breach of contract, and negligent entrustment. Doc. 1-1 at 33–38. Brandon also claims that Darryl and Rebecca violated the Alabama Uniform Residential Landlord and Tenant Act. Doc. 1-1 at 37. Darryl counterclaimed against Brandon for assault and battery, wantonness, and intentional infliction of emotional distress.

8

Doc. 1-2 at 185. Then, in federal court, Allstate filed suit seeking declarations of no coverage and no duty to defend or indemnify Darryl, Rebecca, or Brandon in the underlying action. *See* Doc. 1. If this court were to take up the coverage question here, it would need to review the policy provisions and the lease agreement, receive extensive evidence on the incident in question, and resolve any factual disputes relevant to a decision on whether the shooting was intentional or accidental. It is beyond question that these inquiries would "require retreading the same waters as in the state proceeding." *Vanguard*, 2021 WL 794464, at *7.

The court recognizes that the underlying action centers on tort law, while this action implicates insurance law and contract interpretation principles. But Alabama law governs these disputes regardless of the forum. And due to the close nexus between the underlying factual and legal issues, joint discovery in one forum is more efficient than imposing two different discovery and trial schedules on the parties. For all of these reasons, the court finds that the parties and issues here are substantially similar within the meaning of the *Wilton-Brillhart* doctrine.

B.   The *Ameritas* Factors

The court next turns to the *Ameritas* guideposts. On balance, these factors weigh in favor of abstention. The first factor is the strength of the State of Alabama's interest in having the issues raised in the federal declaratory action decided in Jefferson County. This factor weighs heavily toward abstention. The policy in

9

question was issued in Alabama and states that "the laws of Alabama shall govern any and all claims or disputes in any way related to this policy." Doc. 11-1 at 18. It is undisputed that the policy is for a home located in Alabama, the insureds are Alabama residents, and the underlying injuries were suffered by Alabama residents. Doc. 1-1 at 28–38; Doc. 1-2 at 184–86. On these facts, even Allstate concedes that "this guidepost appears neutral or . . . mildly supports abstention." Doc. 17 at 8. The court finds that Alabama courts have a strong interest in determining coverage for an insurance agreement under Alabama law concerning Alabama citizens. *See, e.g.*, *Vanguard*, 2021 WL 794464, at *7; *Benchmark*, 2019 WL 2720124, at *5; *Nat'l Trust Ins. Co.*, 2020 WL 1083209, at *5.

The second and third *Ameritas* factors overlap. The second asks whether a judgment in the federal declaratory action would settle the controversy, while the third asks whether the federal declaratory action serves a useful purpose in clarifying the parties' legal relationships. The second weighs in favor of abstention. No matter the resolution of the coverage dispute, the parties will continue to litigate their claims in the underlying action, which is far broader in scope than the coverage dispute. As to the third guidepost, Allstate argues that only the federal action would clarify its legal relationships with the other parties. Doc. 17 at 7. The court agrees that there are fundamental questions central to the coverage issues that will not be decided in the state case unless Allstate intervenes. Although Allstate may have the ability to

cure this concern, the third factor weighs against abstention.

The court is not persuaded by the parties' arguments about the fourth *Ameritas* factor, which relates to procedural fencing. On this point, Brandon Hill notes that Allstate elected not to intervene in the state case in favor of filing a declaratory judgment action when federal jurisdiction would not attach to the dispute otherwise. Doc. 11 at 10–11. But as Allstate points out, "since the plaintiff is not a party to the state proceedings, it is difficult to see how the removability *vel non* of the state action to federal court could be relevant." *Accident Ins. Co. v. Greg Kennedy Builder, Inc.*, 159 F. Supp. 3d 1285, 1292 (S.D. Ala. 2016) (cleaned up). It is true that the underlying claims and counterclaims are pending in state court while Allstate opted for a federal forum to resolve the coverage questions. Beyond this simple fact, the court is not convinced that there are any significant indicia of procedural fencing.

The fifth *Ameritas* factor looks to whether the use of a declaratory action would increase the friction between the state and federal courts and improperly encroach on state jurisdiction, while the sixth factor asks if there is an alternative remedy that is better or more effective. Allstate argues that the fifth factor does not support abstention because federal courts routinely apply Alabama substantive law. Doc. 17 at 10. Allstate also claims that the sixth factor weighs against abstention because the coverage questions vary from the elements of the tort claims and the insurance policy is inadmissible in the tort suit. Doc. 17 at 10. The court disagrees

on both points.  Pursuing a coverage determination in a federal forum would require the court to make factual determinations (and the parties to engage in duplicative discovery) that are material to the claims in the underlying action, thus encroaching on state jurisdiction.  And the policy's inadmissibility at trial in the state court matters little when Alabama Rule of Civil Procedure 42 provides a mechanism for separate trials if Allstate intervenes in the state suit.  For these reasons, the more efficient course of action would be to resolve the entire dispute in state court rather than subject the parties to "the risk of piecemeal litigation in state and federal court." *Benchmark*, 2019 WL 2720124, at *6.  Accordingly, exercising jurisdiction over this case has the potential to increase the friction between federal and state courts, improperly encroach on the state court's jurisdiction, and interfere with the more effective remedy provided by the action currently pending in state court.  For these reasons, the fifth and sixth factors favor abstention.

The final three *Ameritas* factors require the court to consider whether the underlying factual issues are important to an informed resolution of the case; whether the state trial court is in a better position to evaluate those factual issues than the federal court; and whether there is a close nexus between the underlying factual and legal issues and state law or public policy, or federal common law or statutory schemes otherwise support a federal resolution.  The court finds that these factors also support abstention.

For the reasons discussed above, the factual inquiries necessary to the two cases intersect in material ways. "Courts have found the seventh and eighth *Ameritas* factors weigh in favor of abstention when the state and federal courts are tasked with overlapping factual inquiries." *Vanguard*, 2021 WL 794464, at *8 (citing *Benchmark*, 2019 WL 2720124, at *6; *Amerisure*, 2007 WL 2893404, at *3). Here, the core factual inquiry is whether Darryl and Rebecca Hill's actions fall within the scope of an "intentional or criminal acts exclusion that bars all coverage . . . when another insured commits an intentional or criminal act." Doc. 1 at 6. The court fails to understand how it could determine the applicability of the policy provisions without deciding whether Darryl and Rebecca acted intentionally or unintentionally—an issue at the very core of the state-court lawsuit.

The final *Ameritas* factor also weighs in favor of abstention due to the close nexus between the underlying factual and legal issues and state law. The court is not aware of any federal common law or statute implicated by the litigation, which centers on an incident that occurred in Alabama, resulted in injuries to Alabama citizens, and relates to a policy issued in Alabama under Alabama law. There is no basis for concluding that public policy considerations counsel against abstention.

In short, the comfortable majority of the *Ameritas* factors favor abstention and there are no countervailing considerations otherwise justifying federal jurisdiction over this dispute. The court will exercise its discretion under the *Wilton-Brillhart*

13

doctrine to abstain from deciding Allstate's claims.

## IV. CONCLUSION

For these reasons, Brandon Hill's motion to dismiss or abstain (Doc. 11) is due to be granted. A separate final order will be entered.

DONE and ORDERED on September 19, 2024.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE